DOCKET NO. 852

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LOMAS FINANCIAL CORPORATION REMARKETED NOTES SECURITIES LITIGATION

TRANSFER ORDER*

 This litigation presently consists of eight actions pending in six districts as follows: three actions in the District of Massachusetts and one action each in the Northern and Southern Districts of California, the Northern District of Illinois, the District of Nevada and the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), a defendant in all actions, seeking centralization of these actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. Plaintiffs in the Northern California and New York actions do not oppose centralization, but they favor selection of the District of Massachusetts as transferee forum. All other plaintiffs oppose centralization. If the Panel were nevertheless to order transfer, then these plaintiffs would also favor selection of the Massachusetts transferee forum.

 On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions contain allegations of securities law violations stemming from Merrill Lynch's activities in placing $300 million of securities issued by the now bankrupt Lomas Financial Corporation. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the District of Massachusetts is the appropriate transferee forum. We note that: 1) three of the eight actions are pending there (including the first-filed and most advanced); and 2) the Massachusetts forum is the preference of the vast majority of the parties.

 IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Massachusetts be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Andrew A. Caffrey for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

---

\* Judge Louis H. Pollak took no part in the decision of this matter.

SCHEDULE A

MDL-852 -- In re Lomas Financial Corporation Remarketed Notes Securities Litigation

District of Massachusetts

Ausimont, N.V. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., C.A. No. 89-2783-MA
Boston Safe Deposit and Trust Company v. Merrill Lynch, Pierce, Fenner & Smith, Inc., C.A. No. 90-1083-MC
President and Fellows of Harvard College v. Merrill Lynch, Pierce, Fenner & Smith, Inc., C.A. No. 89-2500-MC

Northern District of Illinois

Van Kampen Merritt Limited Term High Income Trust, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., C.A. No. 90-C-2652

Northern District of California

Delta Dental Plan of California v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., C.A. No. C-90-1232-FMS

District of Nevada

Golden Nugget, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., C.A. No. CV-S-90-293-LDG RJJ

Southern District of New York

Marubeni America Corporation v. Merrill Lynch, Pierce, Fenner & Smith, Inc., C.A. No. 90 Civ. 1481 (LLS)

Southern District of California

Triton Group Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., C.A. No. 90-691 (JLI) (M)